UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY M. ELLSWORTH,

           Plaintiff,

    v.

STEVEN MARTINEZ,

           Defendant.

Case No.  2:26-cv-1889-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff, a detainee at the El Dorado County Jail, alleges that defendant Steven Martinez[1] used excessive force against him on March 17, 2026 during a transport from the Placerville Police Station to El Dorado County Jail.  ECF No. 1 at 4-8.  These allegations are, for screening purposes, sufficient to proceed.  I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 2.  Plaintiff's motion for temporary restraining order, ECF No. 3, should be denied

[1] The docket lists this defendant's name as "Martenez," but the complaint and motion for temporary restraining order primarily spell the name as "Martinez."  I will direct the Clerk of Court to change the spelling on the docket.

1

because it is inadequately supported.

## Screening order

### I.    Screening Standards

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

**II.    Analysis**

Plaintiff alleges that, on March 14, 2026, following directions by his parole officer, he arrived at the Placerville Police Station to register his new address.  ECF No. 1 at 4.  He claims that he was met by defendant Martinez, who used excessive force to restrain and transport him to the El Dorado County Jail.  *Id.* at 4-8.  These allegations are sufficient to state a Fourteenth Amendment claim against Martinez, and I will direct plaintiff to submit service documents for him.

**Motion for Temporary Restraining Order**

I recommend that plaintiff's motion for temporary restraining order be denied.  To obtain preliminary injunctive relief, a movant must show: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs. Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  Plaintiff has not addressed these factors in his motion, that is submitted on a request for civil harassment restraining order form.  ECF No. 3 at 1.

Accordingly, it is ORDERED that:

1.    The Clerk of Court shall alter the spelling on the docket to reflect that defendant "Martenez" is appropriately "Martinez."

2.    The Clerk of Court shall assign a district judge to this action.

3.    Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

4.    The clerk of court shall send plaintiff a USM-285 form, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed May 21, 2026, ECF No. 1.

5.    Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

a.    one completed summons for the defendant;

3

b.   one completed USM-285 forms; and

c.   two copies of the signed May 21, 2026 complaint.

6.   Plaintiff need not attempt service on defendant and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

7.   The failure to comply with this order may result in dismissal of this action for failure to prosecute.

Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order, ECF No. 3, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 27, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFERY M. ELLSWORTH,

          Plaintiff,

    v.

STEVEN MARTINEZ,

          Defendant.

Case No.  2:26-cv-1889-JDP (P)

NOTICE OF SUBMISSION OF DOCUMENTS

In accordance with the court's Screening Order, plaintiff must submit:

      __1__          completed summons form

      __1__          completed forms USM-285

      __2__          copies of the May 21, 2026 complaint

_____

                              Plaintiff

Dated:

5